**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1509-23

LARISSA KUNIN,

     Plaintiff-Respondent,

v.

SERGEY KUNIN,

     Defendant-Appellant.

_____

> Argued April 17, 2024 – Decided July 18, 2024
>
> Before Judges Vernoia, Gummer, and Walcott-Henderson.
>
> On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-2714-21.
>
> Angelo Sarno argued the cause for appellant (Snyder, Sarno, D'Aniello, Maceri & Da Costa, LLC, attorneys; Angelo Sarno, of counsel and on the brief; Scott D. Danaher, on the brief).
>
> Bruce M. Pitman argued the cause for respondent (Starr, Gern, Davison & Rubin, PC, attorneys; Alona Magidova, of counsel and on the brief).

PER CURIAM

On leave granted, defendant Sergey Kunin appeals from a Family Part order that bars him from paying his "counsel or professional fees" in this matrimonial case without first providing five days' notice to the court, plaintiff Larissa Kunin, and the court-appointed fiscal agent. Perceiving no abuse of discretion, we affirm.

I.

The parties were married in 1999, have a daughter who was born in 2001, and separated in September 2018. Plaintiff filed a complaint for divorce on April 19, 2021. The next day, defendant removed $300,000 from his bank account.

In a February 7, 2022 order and statement of reasons, a Family Part judge found "there are valid concerns related to the dissipation of assets and attempts to obfuscate income and marital funds" and that "[d]efendant ha[d] been dissipating marital funds in what appear[ed] based upon the proofs before the court at th[e] time to be a coordinated attempt to defund the marital estate prior to entry of a Judgment of Divorce." The judge also found defendant had unilaterally decided to stop paying the carrying costs related to the marital home and to reduce by almost half his pendente lite payments. Denying defendant's

2

motion to compel the sale of the marital home and granting plaintiff's cross-motion for pendente lite relief, the judge, among other things, ordered defendant to create a litigation fund for plaintiff by taking a loan against his 401K accounts, return funds withdrawn from his accounts and the accounts of his companies,[1] provide information regarding the businesses' bank accounts and cashflows, maintain automobile and health insurance coverage for plaintiff and their daughter, and pay pendente lite alimony support, the educational costs of the parties' daughter, and other expenses.

Plaintiff subsequently moved to enforce the February 7, 2022 order; defendant cross-moved for reconsideration of it. The judge who entered the February 7, 2022 order denied defendant's cross-motion. Another Family Part judge, David B. Katz, decided plaintiff's motion and, in a July 6, 2022 order, found defendant had violated several of the provisions of that order. The judge appointed a fiscal agent over defendant's property, ordered the liquidation of defendant's 401(k) accounts and the distribution of the resulting funds, and directed defendant to comply with his pendente lite obligations set forth in the February 7, 2022 order and his outstanding discovery obligations. In a separate

_____

[1]  According to defendant, he is "a 50% owner of a business called IQ Dental Supply, LLC, and its related entities."

3

July 6, 2022 order, the judge enjoined defendant and his agents from interfering with the fiscal agent's performance of his duties and from disposing of defendant's property, funds, and business interests. The judge also directed them to cooperate with the fiscal agent and to provide him with certain documents and information.

In response to plaintiff's application, the judge entered an order dated October 7, 2022, directing defendant to give the fiscal agent and plaintiff's "professionals" "audit level access" to his accounting records and program, relating to his businesses, including IQ Dental Supply, LLC. Defendant objected to the implementation of the order. In a November 7, 2022 order, the judge enforced the October 7, 2022 order and gave defendant and his agents five days to comply with it.

Plaintiff moved to compel defendant to respond to outstanding discovery requests. In a February 13, 2023 order, the judge directed defendant to provide certified answers to interrogatories and a response to a certification. The judge also granted plaintiff's fee application.

Plaintiff moved for leave to amend her complaint and to enforce litigant's rights. Defendant cross-moved to compel plaintiff's attorney and the fiscal agent to produce their billing invoices. In a July 21, 2023 order, the judge denied

4

plaintiff's motion for leave to amend and granted without objection defendant's motion to compel. The judge found defendant was in arrears, had failed to satisfy court-ordered financial obligations, and had violated several provisions of the February 7, 2022, July 6, 2022, and February 13, 2023 orders. The judge scheduled a plenary hearing regarding defendant's "alleged inability to pay" and whether the fiscal agent's "role and obligations" should be expanded "based on [d]efendant's noncompliance with previous orders." The judge ordered defendant to produce certain documents and to cause his businesses to produce certain documents. The judge also granted in part plaintiff's fee application.

During the second day of the plenary hearing, defendant conceded he had violated several provisions of the February 7, 2022 order, including provisions requiring him to return funds withdrawn from his accounts and the accounts of his companies, and pay the carrying costs of the marital home, their daughter's educational costs, and other expenses. He testified one of his companies had paid for his personal rent, utility bills, and taxes. Defendant failed to produce bank account information, records regarding his alleged disability, or other records evidencing his purported inability to pay.

After hearing defendant's testimony, the judge expressed his belief he had "a situation here that doesn't seem to be disputed that substantial attorney fees

were paid" by defendant to his counsel "while support and other obligations were not paid." The judge questioned: "Why should I not enter a temporary injunction for any further payment of attorney fees when spousal support and child education costs are not being paid under the Sauro v[.] Sauro[, 425 N.J. Super. 555 (App. Div. 2012)] principle?" The judge found "the family [wa]s not getting any money" and defendant would not be prejudiced by a temporary injunction. Invoking the court's parens patriae obligation, the judge temporarily enjoined "payment of any further fees" and advised counsel they could further argue the issue on the next hearing day. The judge entered an order dated September 15, 2023, "temporarily enjoin[ing] [d]efendant and/or IQ Dental Supply, L.L.C., and its affiliates, from paying or advancing any attorneys' fees in connection with this matter until further court order."

The judge gave the parties an opportunity to submit briefs on the issue of the injunction. He heard argument on November 16, 2023. Referencing the "significant monies" that had been expended, the judge indicated he wanted "to have an understanding of [the bills defendant proposed paying] before it does happen."

On December 1, 2023, the judge entered an order supplementing and modifying the September 15, 2023 order. The order provided:

2. Defendant, or an officer of IQ Dental Supply, LLC (and its affiliates) shall only pay or advance counsel or professional fees . . . which are connected, relate to, or pertain to the divorce action on [five] days['] advance notice to the Court, with a copy to [p]laintiff's counsel and [the fiscal agent].

3. Said notice shall include the amount of the requested disbursement, the source of the funds proposed to be used, and the amount paid to the professional to date. Plaintiff shall have three (3) days from receipt . . . to advise the Court of any objections. The Court will schedule and resolve any objections expeditiously.

4. The above is not to preclude IQ Dental Supply, LLC (and its affiliates) from retaining or paying counsel or professionals for corporate matters which are in the normal course of the business and unrelated to the divorce matter. Plaintiff shall be provided with notice of all expenditures made pursuant to this paragraph within [two] days following the payment.

5. Based on comments made on the record regarding the viability of IQ Dental Supply, LLC, any discovery requests of [p]laintiff relating to the financial condition or viability of the entity shall be responded to within [three] days of the request.

The order also directed defendant "in good faith" to provide plaintiff and the fiscal agent with accurate updates regarding "the viability of IQ Dental Supply, LLC (and its affiliates)" and his efforts to restructure it and seek financing and lines of credit for it.

7

On December 21, 2023, the judge placed his decision on the record regarding the ability-to-pay hearing and entered an order in which he found defendant "had the ability to pay and honor the [c]ourt-imposed obligations set forth in the [c]ourt's Order of February 7, 2022[,] . . . and that [d]efendant's violations of [the order's] provisions w[ere] willful." In his decision, the judge noted "IQ Dental" days before had filed something in the United States Bankruptcy Court. He explained why he did not find defendant credible and detailed the repeated failures of defendant and his companies to cooperate with the fiscal agent, defendant's personal expenditures that appeared as corporate charges, loans defendant had repaid to family members instead of paying his support obligations to plaintiff and their child, the hundreds of thousands of dollars spent on luxury items, and defendant's willful violations of the court's orders. The judge emphasized the importance of "transparency" in the dissolution of a marriage.

The judge required defendant to "turn over to the [f]iscal [a]gent, on a weekly basis, 50% of any money, income, or monetary benefit that he receives, or is paid on his behalf" and to pay an additional $1,000 per week towards his alimony, financial-maintenance, and child-support arrears on entry of a

judgment establishing their amount. The judge also awarded plaintiff "attorney and professional fees incurred in connection with the ability to pay hearing."

Defendant moved for leave to appeal the December 1, 2023 order.[2] We granted that motion. On appeal, defendant argues the court had no legal authority to impose the five days' notice requirement and contends the order "interferes with the attorney client relationship and threatens [his] right to counsel and experts of his own choosing." Unpersuaded, we affirm.

II.

When reviewing a Family Part order, we are mindful "the Family Part has 'special jurisdiction and expertise in family matters,' which often requires the exercise of reasoned discretion." M.G. v. S.M., 457 N.J. Super. 286, 293 (App. Div. 2018) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "Thus, if we

_____

[2] We understand the December 1, 2023 order is the only order from which defendant sought leave to appeal. In the heading of the first section of the legal argument of his merits brief, defendant asserts his "request for leave to appeal the order entered on December 1, 2023, should be granted . . . ." In the heading of the second section, he asserts the judge erred in entering the September 15, 2023 and December 1, 2023 orders but later in the brief acknowledges the September 15, 2023 order was "temporary" and subsequently "modified and amended" by the December 1, 2023 order. As for the December 1, 2023 order, defense counsel at argument clarified defendant was appealing from paragraphs two through five of the order as they applied to defendant individually, recognizing defendant's companies shouldn't be using their corporate assets to pay for defendant's personal counsel or professional fees incurred in this matrimonial matter.

A-1509-23

conclude there is satisfactory evidentiary support for the Family Part judge's findings, our 'task is complete and [we] should not disturb the result.'" Ibid. (alteration in the original) (quoting Beck v. Beck, 86 N.J. 480, 496 (1981)). We reverse only "when the trial court's factual findings are 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Slutsky v. Slutsky, 451 N.J. Super. 332, 344 (App. Div. 2017) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J 474, 484 (1974)). A Family Part judge's "legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review." M.G., 457 N.J. Super. at 294 (quoting Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

A Family Part judge also "possesses broad equitable powers to accomplish substantial justice." Finger v. Zenn, 335 N.J. Super. 438, 446 (App. Div. 2000); see also Julius v. Julius, 320 N.J. Super. 297, 310 (App. Div. 1999) (finding "the court of chancery is not powerless to devise practical means of rendering justice in the face of problems created by a litigant intentionally or unintentionally"); R. 5:3-7(b) ("On finding that a party has violated an alimony, financial maintenance, or child support order the court may . . . grant . . . (8) any other appropriate equitable remedy"). "In a pending matrimonial action, the Family

Part judge has the statutory authority to enter orders providing for the 'care, custody, education and maintenance of the children,' and to ensure that funds will be available to cover the costs for these concerns." Sauro, 425 N.J. Super. at 572 (quoting N.J.S.A. 2A:34-23). A Family Part judge has a "parens patriae obligation 'to intervene where it is necessary to prevent harm . . . .'" Id. at 572 (quoting Segal v. Lynch, 413 N.J. Super. 171, 181 (App. Div. 2010)). We are convinced that that is exactly what Judge Katz was doing when he imposed the notice requirement.

And he did so without in anyway prejudicing defendant. We recognize a litigant has a right to choose counsel. Comando v. Nugiel, 436 N.J. Super. 203, 213 (App. Div. 2014). As defense counsel, who represented defendant before and since the December 1, 2023 order was imposed, acknowledged during argument, the record is devoid of any evidence the order negatively impacted defendant's ability to retain counsel of his choosing or other professionals in connection with this divorce action or otherwise interfered with his relationships with them.

The Family Part judge's imposition of the notice requirement was amply supported by the record, well within his authority, and in keeping with his

obligation to act in the best interests of the parties' child.  Accordingly, we affirm the December 1, 2023 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-1509-23